DOUGHERTY
v.
CAMPBELL.

*Friday,
July 9.*

## DOUGHERTY *v.* CAMPBELL.

*A party has a right to demur to the evidence, and thus have the facts spread on the record.*

ERROR to the *Knox* Circuit Court.—Assumpsit for work and
labour. Plea, non assumpsit; similiter thereon. After *Camp-
bell,* the plaintiff below, had closed his testimony, the defend-
ant tendered a demurrer to the evidence, which the Court re-
fused to receive. To this refusal the defendant excepted, and

*Saturday,
July 10.*

a bill of exceptions was accordingly sealed.—Verdict and judgment for the plaintiff below.

DOUGHERTY
v.
CAMPBELL.

SCOTT, J.—There are five legitimate methods by which matters of fact may be spread on the record.   By consent of parties, by special verdict, by oyer, by bill of exceptions, and by demurrer to evidence (1).   One party cannot avail himself of the first method without the consent of his adversary; nor of the second without the concurrence of a jury; the three latter are at his election, and he has always a right to use them, when in his opinion they may operate to his advantage.   It is the business and the duty of the Court, in all cases before them, to know what is offered in evidence, and if a bill of exceptions, or a demurrer to evidence, is tendered, in which the facts are not correctly stated, it is the duty of the Court to correct the statement.   But whether it be a demurrer to evidence, or a bill of exceptions, nothing can justify or excuse any Court or judge, in refusing to either party the benefit of a correct statement of facts.   The Court erred, then, in not permitting the defendant to demur to the evidence.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs.   Cause remanded to the Circuit Court, with directions to award a *venire facias de novo.*

*Dewey,* for the plaintiff.

(1)   *Cole* v. *Driskell,* in this Court, ante, p. 16.